OPINION
{¶ 1} Defendant-appellant Leo Boykins appeals from his conviction and sentence for Failure to Pay Child Support, in violation of R.C.2929.21. He contends that the trial court erred by denying him the opportunity to present any evidence of an affirmative defense. We agree. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.
 I {¶ 2} Boykins was indicted on two counts of criminal non-support of dependents, in violation of R.C. 2919.21(B). Just prior to the start of the trial, counsel for Boykins made a motion in limine, seeking a ruling that certain evidence was admissible relating to the affirmative defenses set forth in R.C. 2919.21(D). Trial counsel then proffered the following on the record:
 {¶ 3} "I would like to on the record move the Court to admit evidence of an affirmative defense or to allow me to produce evidence and if I could to proffer that evidence what it would be. My client would testify * * * that during the period in question he was employed at Mr. Hero's, made about seven dollars an hour, worked more or less full time. At that time he had three children — all three of his children living in his home. The two children who are at issue in this case were living in his home, the almost entire period of that's in question here, maybe minus a week or so here or there. And I would also like to have the children testify and if necessary his mother can testify that that is the case and that he did provide all the direct support that he could. I believe that was the second part of the affirmative defense and for the first part of the affirmative defense my client would testify that once he brought home his pay check and paid for his three children he could not afford the three hundred and sixty dollars a month that was being charged, child support. I would ask the Court to let that — enter that testimony into the trial before the jury and let the jury determine whether he could under the statute afford to pay the child support and whether he did provide as much could [sic] under the statute afford to pay the child support and whether he did provide as much support as he could. * * * Your Honor I think the only other piece of evidence I think that would have been relevant to that was that it was stated the amount was reduced to fifty dollars from three hundred and sixty dollars once he was brought into court. Also that my client did cooperate with attempting to get a withholding order through his employer."
 {¶ 4} The trial court stated that it would not permit the introduction of the evidence. Boykins was subsequently convicted on one of the counts in the indictment. The trial court sentenced Boykins to five years of community control sanctions. From his conviction and sentence, Boykins appeals.
 II {¶ 5} Boykins' sole assignment of error is as follows:
 {¶ 6} "The trial court's ruling prohibiting appellant from introducing exculpative testimony and evidence denied him due process of law as guaranteed by the fourteenth amendment to the U.S. constitution and by article four of the ohio constitution."
 {¶ 7} Boykins contends that the trial court should have permitted him to introduce his proffered evidence, which he contends is relevant to the affirmative defense set forth in R.C. 2919.21(D).
 {¶ 8} R.C. 2919.21 provides, in pertinent part, as follows:
 {¶ 9} "(B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
 {¶ 10} Since the statute does not specify the requisite mental culpability and does not indicate an intent to impose strict liability, R.C. 2901.21(B) provides that "* * * recklessness is sufficient culpability to commit the offense." "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 11} R.C. 2919.21 also provides for an affirmative defense, as follows:
 {¶ 12} "(D) It is an affirmative defense to * * * a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide * * * the established support but did provide the support that was within the accused's ability and means."
 {¶ 13} We conclude that the matters cited in the proffer made by Boykins' counsel are probative of the affirmative defense set forth in the statute, and also to the issue of whether Boykins acted recklessly. Since R.C. 2919.21(D) specifically states that providing support within one's means is an affirmative defense to the offense of nonsupport proscribed by subsection (B) of the statute, the trial court was required to permit Boykins to present to the jury evidence material to this issue. We conclude that the trial court erred as a matter of law by precluding Boykins from doing so, effectively removing from the jury's consideration Boykins' proferred defense.
 {¶ 14} Boykins' sole assignment of error is sustained.
 III {¶ 15} Boykins' sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.
GRADY and YOUNG, JJ., concur.